**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

| | |
|---|---|
| **TRUSTEES OF THE NEW YORK CITY COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCTIONAL AND INDUSTRY FUND, et al.,** | 19-cv-07453 (JGK) <br><br> **MEMORANDUM OPINION & ORDER** |
| Plaintiff, | |
| - against - | |
| **GSR CONCRETE TOV, LLC,** | |
| Defendants. | |

------------------------------------

**JOHN G. KOELTL, District Judge:**

The petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds"), the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), the New York City and Vicinity Carpenters Labor-Management Corporation (the "Corporation"), and the New York City District Council of Carpenters (the "Union") petition to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and move the Court to award reasonable attorney's fees and costs as well as post-judgment interest on the Award. The ERISA Funds trustees are trustees of multiemployer labor management trust funds operated in accordance with the Employee

1

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and the trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Charity Fund trustees are trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Corporation is a New York not-for-profit corporation. The Union is a labor union that represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. The Union is the certified bargaining representative for certain employees of the respondent, GSR Concrete Tov, LLC ("GSR"), which is a domestic limited liability company organized under the laws of New York, and was, at all relevant times, an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. The respondent has not opposed this petition.

## I.

The following uncontested facts are taken from the petition and documents submitted in support of the petition.

At all relevant times, GSR was a member of the Building Contractors Association ("BCA"). Pet. ¶ 9; Pet. Ex. A. As a member of the BCA, GSR agreed to be bound to the collective

bargaining agreement (the "CBA") entered into between the BCA and the Union that became effective on July 1, 2011. Pet. ¶ 10; Pet. Ex. B, at 1. The agreement continued until June 30, 2015, and then renewed automatically each year thereafter, unless written notice to terminate was given by either party between sixty and ninety days prior to the expiration date. Pet. Ex. B, Art. XX. The CBA requires every covered employer to make contributions to the Funds for all work within the trade and geographic jurisdiction of the Union. Pet. ¶ 12; Pet. Ex. B, Art. XVI § 1. The CBA further requires GSR to furnish books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with the required benefit fund contributions. Pet. ¶ 14; Pet. Ex. B, Art. XVI § 1.

The CBA provides that in the event "any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder . . . ." Pet. ¶ 15; Pet. Ex. B, Art. XVI § 7. The CBA further provides that, "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the

arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s)." Pet. ¶ 16; Pet. Ex. B, Art. XVI § 6. Finally, the CBA provides that, in the event of formal proceedings before a court to collect unpaid contributions, the Funds may also collect the interest on the unpaid contributions at Citibank's prime rate plus 2%, liquidated damages equal to the greater of the amount of interest or 20% of the amount of the unpaid contributions, and reasonable costs and attorney's fees incurred in the collection of delinquencies. Pet. ¶ 17; Pet. Ex. B, Art. XVI § 6.

In this case, a dispute arose when GSR failed to remit interest accrued on the late payment of contributions for the period March 20, 2012 through January 29, 2013. Pet. ¶ 19. Pursuant to the arbitration clauses in the CBA, the petitioners initiated arbitration before the designated arbitrator, Roger E. Maher, to resolve the dispute over the unpaid contributions. Pet. ¶ 20.

In an award dated June 26, 2019, the arbitrator found that GSR violated the CBA when it failed to remit delinquent late payment interest and ordered GSR to pay the petitioners $3,813.90, consisting of: (1) the late payment interest of $1,413.90; (2) court costs of $400.00; (3) attorney's fees of $1,500.00; and the arbitrator's fee of $500.00. Pet. ¶ 22; Pet.

4

Ex. E, at 2. The arbitrator also found that interest at the rate of 7.5% would accrue on the award from the date of its issuance. Pet. ¶ 23; Pet. Ex. E, at 3. As of the date of the petition, GSR had failed to pay any part of the award. Pet. ¶ 24.

On August 9, 2019, the petitioners timely filed this petition to confirm the arbitration award. In addition to confirmation of the arbitration award and judgment in the amount of the original award plus 7.5% interest from the date of the award to the date of judgment, the petitioners also seek $1,207.00 in attorney's fees, $75.00 in costs arising from the petition, and post-judgment interest at the statutory rate. Pet. ¶ 34.

**II.**

A district court's role in reviewing an arbitration award is extremely limited. See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Supreme Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial

5

justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 597). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. U.S. Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc., No. 17-cv-5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

Despite being served with the petitioners' petition, GSR has not responded. After GSR's original time to oppose the petition had lapsed, the Court extended GSR's time to respond until January 10, 2020. Dkt. No. 10. The Court stated that if GSR did not respond by that date, the Court would decide the petition based on the papers that had been submitted by the petitioner. Id. As of the date of this opinion, GSR has still failed to respond to the petition.

The Second Circuit Court of Appeals has explained that a default judgment is inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary

6

judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### III.

In this action, the Arbitrator's award was not "his own brand of industrial justice." Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). Rather, the Arbitrator found that the uncontroverted testimony established that GSR was bound by the CBA, and that the evidence showed that GSR had violated the CBA and owed the petitioner $3,813.90 plus post-award interest at a rate of 7.5%. Pet., Ex. E, at 2-3. The Arbitrator credited the Summary Report of the audit of GSR's fringe benefit contributions and the petitioners' testimony regarding the audit. Id. at 2. The record and arbitration award

7

show that GSR withheld late payment interest from the Funds in violation of the CBA. Id.

Based on the limited review that is appropriate for an unopposed petition to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the petitioners' petition should be granted.

The petitioners also seek judgment to recover attorney's fees expended in this action. Courts in this district "have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting Abondolo v. H. & M.S. Meat Corp., No. 07-CV-3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)) (internal quotation marks omitted). In this case, the attorney's fees sought by the petitioners are supported by the CBA and are reasonable. Article XVI, Section 6 of the CBA provides, in relevant part, that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction . . . to collect delinquent contributions . . . and if such court renders a judgment in favor of [the Funds], the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action . . . .

Pet., Ex. B, Art. XVI, Section 6(a). In support of the petitioners' claim for attorney's fees, the petitioners' counsel submitted an invoice listing the tasks completed, the attorney's hourly billing rates, and the total hours billed. Pet., Ex. F. The petitioners seek $1,207.00 in attorney's fees for 6.7 hours of work, for which petitioners' counsel billed the services of a partner attorney at a rate of $275 per hour and the services of a legal assistant at a rate of $120 per hour. Pet. ¶¶ 29-30; Pet., Ex. F. The rates billed and time expended on this action by the petitioners' counsel are reasonable and consistent with fee requests approved in similar cases. See Stop & Work, 2018 WL 324267, at *3 (approving attorney's fees that billed "Of Counsel" attorneys at a rate of $300 per hour and an associate attorney at a rate of $225 per hour); Trustees of New York Dist. Council of Carpenters Pension Fund v. Metro. Fine Mill Work Corp., No. 14-cv-2509, 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving attorney's fees that billed associates at a rate of $225 per hour and paralegals at a rate of $100 per hour).

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on

9

awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

## CONCLUSION

The Clerk of Court is directed to enter judgment granting the petition to confirm the arbitration award dated June 26, 2019 in the amount of $3,813.90, plus interest from the date of the arbitration award, accrued at an annual rate of 7.5% until the date of judgment. The Clerk is also directed to enter judgment in favor of the petitioners and against the respondent in the amount of $1,207.00 in attorney's fees and $75.00 in costs. Post-judgment interest on the entire amount of the judgment will accrue from the date of this judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk is further directed to close this case.

**SO ORDERED.**

**Dated:    New York, New York**
        **March 12, 2020**         ___/s/ John G. Koeltl_____
                                          **John G. Koeltl**
                             **United States District Judge**